CHARLES H. LATHROP *vs.* SAMUEL DEARING *et al.*

Submitted on briefs Nov. 15, 1894. Affirmed Nov. 28, 1894.

No. 9123.

**Laches in asking for a new trial for newly-discovered evidence.**

> *Held*, on the facts of this case, the appellant was guilty of inexcusable laches in failing within a reasonable time to avail himself of newly-discovered evidence as a ground for a motion for a new trial.

Appeal by defendant, Samuel Dearing, from an order of the District Court of Ramsey County, *John W. Willis*, J., made January 27, 1894, denying his motion to set aside the verdict and to allow him to serve a supplemental answer and have a new trial.

On April 11, 1892, Harry Lathrop, a newsboy eight years old, was attacked while delivering newspapers and bitten by two vicious dogs belonging to Samuel Dearing and his son-in-law, William F. Schutte. They kept house together in the Sixth ward, St. Paul, and maintained the dogs on their premises. The boy's father, Charles H. Lathrop, brought this action against Dearing and Schutte in behalf of his son Harry (1878 G. S. ch. 66, § 34,) to recover $5,000 damages. The defendants answered separately. On the trial March 10, 1893, after the evidence was all given plaintiff announced to the court that he dismissed the action as against the defendant Schutte and the court entered an order to that effect. The jury returned a verdict against Dearing for $600. A case containing all the evidence was made and settled and on it and on affidavits, defendant Dearing moved the court June 17, 1893, for a new trial on the grounds: (1st.) Excessive damages given under the influence of passion and prejudice; (2nd.) Errors in law occurring at the trial and excepted to by defendant; (3rd.) Newly discovered evidence material for defendant which he could not with reasonable diligence have discovered and produced at the trial. Among the affidavits presented was one made April 21, 1893, by defendant, Dearing, stating that defendant Schutte paid plaintiff before verdict was rendered and on the day of the trial $25 which he received in full satisfaction of his claim. The court denied the motion and defendant appealed from that order to this court. A return was made and filed here and the appeal placed on the calendar for October term, 1893, and was on December 6, 1893, affirmed for failure of appellant to serve his paper book and brief as required by the rules. The respondent's costs and disbursements were taxed and paid and the cause remanded to the District Court. On January 27, 1894, defendant Dearing moved the District Court upon the settled case and further affidavits to set aside the verdict, grant a new trial and allow him to file and serve a supplemental answer alleging the settlement with defendant Schutte. Among these new affidavits was one made by defendant Dearing December 21, 1893, stating that he discovered for the first time on June 1, 1893, that the action was dismissed as to Schutte because of the plaintiff's settlement with him during the trial on March 10, 1893. The trial courts denied this second motion and from the order defendant Dearing brings this appeal.

*Bion A. Dodge* and *Henry C. James,* for appellant.

A release of one of two joint tort-feasors will have the effect to release both. *Goss* v. *Ellison,* 136 Mass. 503; *Stone* v. *Dickinson,* 5 Allen, 29; *Brown* v. *Cambridge,* 3 Allen, 474.

The same doctrine applies to all joint torts, and to torts for which the injured party has an election to sue one or more parties severally. *Merchants' Bank* v. *Curtiss,* 37 Barb. 317; *Strang* v. *Holmes,* 7 Cow. 223; *Brown* v. *Marsh,* 7 Vt. 327; *Knickerbacker* v. *Colver,* 8 Cow. 111; *Gunther* v. *Lee,* 45 Md. 60; *Lovejoy* v. *Murray,* 3 Wall. 1; *Long* v. *Long,* 57 Ia. 497; *Urton* v. *Price,* 57 Cal. 270; *Gilpatrick* v. *Hunter,* 24 Me. 18.

On discovering the settlement with Schutte the remedy of Dearing was to obtain leave and serve a supplemental answer setting up that fact. He moved the court for leave to do this but was denied. The refusal was an abuse of judicial discretion. *Chouteau* v. *Rice,* 1 Minn. 106; *Eastman* v. *St. Anthony Falls W. P. Co.,* 17 Minn. 48; *Harrington* v. *St. Paul & S. C. R. Co.,* 17 Minn. 215; *Drought* v. *Curtiss,* 8 How. Pr. 56; *Hendricks* v. *Decker,* 35 Barb. 298; *Hoyt* v. *Sheldon,* 4 Abb. Pr. 59.

Although leave of the court is necessary to entitle the defendant to file a supplemental answer, yet the discretionary power to refuse leave does not extend to depriving the defendant of power to set up a meritorious defense. *Brooks* v. *Moody,* 25 Ark. 452; *Smith* v. *Smith,* 4 Paige, 432; *Hoyt* v. *Sheldon,* 4 Abb. Pr. 59; Story, Eq. Pl. § 903.

The statute, 1878 G. S. ch. 66, § 34, empowering and authorizing the father to bring this action and assert in the courts such a claim, inferentially authorizes and empowers him to settle and compromise the same out of court and without suit and for a sum certain. Such power is implied, as it is necessary to give effect to the statute. *Weed* v. *Ellis,* 3 Caine, 252; *Merritt* v. *Williams,* 1 Harp. 306; *Wilks* v. *Back,* 2 East, 142; *Schoff* v. *Bloomfield,* 8 Vt. 472; Perry, Trusts, § 482.

*J. M. Hawthorne,* for respondent.

Plaintiff claims that the affirmance on the former appeal was a final adjudication of all matters that defendant might have raised

on that appeal. *Schleuder* v. *Corey*, 30 Minn. 501; *Baker* v. *Jamison*, 54 Minn. 17.

It is within the sound judicial discretion of the court to allow or refuse to allow a supplemental answer to be filed. Such discretion will not be reversed except in case of abuse. *Reilly* v. *Bader*, 50 Minn. 199; *City of Winona* v. *Minnesota Ry. Const. Co.*, 29 Minn. 68; *Fowler* v. *Atkinson*, 5 Minn. 505; *Jenkins* v. *Brown*, 21 Wend. 454.

Where on an appeal from an order denying a new trial the order is affirmed all questions that might have been raised on that appeal are *res judicata*. *Tilleny* v. *Wolverton*, 54 Minn. 75; *Johnson* v. *Northwestern Tel. Exch. Co.*, 54 Minn. 37; *Schleuder* v. *Cory*, 30 Minn. 501; *Swanstrom* v. *Marvin*, 38 Minn. 359.

This court will take judicial notice of its own action on the former appeal. *Rippe* v. *Chicago, D. & M. R. Co.*, 23 Minn. 18; *Thornton* v. *Webb*, 13 Minn. 498.

Defendant Dearing did not use diligence. He has been guilty of unusual negligence in the management of this case and in applying for leave to file his supplemental answer. *Taylor* v. *Mueller*, 30 Minn. 343; *Sheffield* v. *Mullin*, 28 Minn. 251; *Mulliken* v. *Mannheimer*, 49 Minn. 521.

If Judge Willis was wrong in his reasons, his decision was right, and this court will not reverse a right decision because it may have been based on a wrong reason. *Bunday* v. *Dunbar*, 5 Minn. 444; *Zimmerman* v. *Lamb*, 7 Minn. 421; *Wieland* v. *Shillock*, 23 Minn. 227.

The father had no authority to settle and compound the claim of his infant son, without applying to the court upon the facts and obtaining leave. *Eidam* v. *Finnegan*, 48 Minn. 53; *Hinckley* v. *Probate Judge*, 45 Mich. 343; *Miles* v. *Kaigler*, 10 Yerg. 10; *Klaus* v. *State*, 54 Miss. 644.

Even where a person has authority to compromise and release a claim in case of an injury, a release running to one, in order to discharge another, must affirmatively be shown to be a technical release under seal. *Rowley* v. *Stoddard*, 7 Johns. 207; *Irvine* v. *Milbank*, 15 Abb. Pr. (N. S.) 378; *Smithwick* v. *Ward*, 7 Jones, 64; *Ellis*

v. *Esson*, 50 Wis. 138; *Greenwald* v. *Kaster*, 86 Pa. St. 47; *Line* v. *Nelson*, 38 N. J. Law, 358; *Lovejoy* v. *Murray*, 3 Wall. 1.

The application to file a supplemental answer or amendment is addressed to and is within the sound judicial discretion of the trial court. *Reilly* v. *Bader*, 50 Minn. 199; *Stickney* v. *Jordain*, 50 Minn. 258; *Voak* v. *National Inv. Co.*, 51 Minn. 450; *City of Winona* v. *Minnesota Ry. Const. Co.*, 29 Minn. 68.

CANTY, J. The plaintiff brought this action under the statute for the benefit of his minor son, of the age of eight years, against the defendants Schutte and Dearing, alleging in his complaint that the defendants wrongfully kept two vicious dogs, accustomed to bite children and others, which they well knew; and that on the 11th of April, while they so kept said dogs, knowing them to be vicious, the dogs attacked and bit said minor son, by reason of which said son is damaged in the sum of $5,000. Each of the defendants appeared by separate attorneys, and answered separately, and each, in his answer, denies that he ever owned or kept either of the dogs in question.

When the case was called for trial, Schutte paid plaintiff's attorney $25, for the purpose of procuring a settlement and dismissal of the case as against him. Plaintiff claims that this was only paid and received conditionally, and that, if plaintiff did not see fit to accept it in settlement, it should be returned. The evidence tends very strongly, if not conclusively, to prove that it was intended by all the parties as an absolute settlement as to Schutte. Whether or not, as such statutory trustee to bring the action, plaintiff had the power thus to settle it, we will not decide, but, for the purposes of this case, will assume that he had such power. After such settlement or attempted settlement, Schutte and his attorney left the court room, and the trial proceeded in their absence. At the close of the trial, plaintiff dismissed as to Schutte, and had a verdict against Dearing for $600, on March 14, 1893. A motion for a new trial was made by Dearing, April 21, and denied July 5, 1893. An appeal was taken by him to this court from the order denying the same. The order appealed from was affirmed December 6, 1893, for failure of appellant to serve his paper book and brief. The mandate was filed in the court below, and on December

21, 1893, Dearing made a second motion for a new trial in that court, and this is an appeal from an order denying that motion. One of the grounds of that motion is newly-discovered evidence. This evidence, so far as it is urged here, is proof that Schutte paid plaintiff, and plaintiff accepted, said $25 in full settlement of the case as to him, and that he and Dearing were joint tort feasors, and it is urged that such satisfaction as to one is a satisfaction as to both. No leave was given to renew the motion for a new trial, and the court held that the right to a new trial by reason of the settlement with Schutte was passed on in the first motion for a new trial, and is *res judicata*.

On the trial, Dearing subpœnaed and called Schutte as a witness, and offered to prove by him that the case had been so settled as to him. The trial court refused to permit him to prove it, and suggested that it was not admissible under the pleadings. Dearing did not ask for leave to file a supplemental answer, or make any further effort to avail himself of this defense upon the trial. One of the grounds for a new trial in the first motion is newly-discovered evidence, and Dearing's affidavit in support of that motion contains the following statement:

"Deponent further says that the alleged claim of said plaintiff has been settled by one W. E. Schutte, one of the defendants herein; and that said Schutte has paid to said plaintiff, said Lathrop, and that said plaintiff has received from said Schutte, the sum of twenty-five dollars in full satisfaction of the claim of said plaintiff; and that such payment was made before the verdict in this action was found and entered herein."

This affidavit was made April 21, 1893. In his affidavit of December 21st, used on his second motion, he says that he did not discover the fact of settlement until June 1st, and that, when he made said first affidavit, he merely believed it to be true, and so intended to state. Conceding all this, it appears that his first motion, though made in March, was not argued or submitted until June 17th, thus giving him 16 days, after the time he now says he discovered the fact, to avail himself of it in his first motion for a new trial.

On Dearing's first motion for a new trial, he did not ask leave to file and serve a supplemental answer, setting up the fact of settle-

ment, which he did in the second motion; and whether the matter is *res judicata* by reason of the first motion it is not necessary to decide. It is clear he is guilty of gross laches in failing until the 21st of December, 1893, to take proper steps to avail himself of the defense of the settlement with Schutte. A party should avail himself of such a defense at the first opportunity; and whether he was guilty of inexcusable laches in failing to avail himself of this defense at the trial, or at most on the first motion for a new trial, it is not necessary to decide, though there is much reason for so holding.

This disposes of the case, and the order appealed from should be affirmed. So ordered.

GILFILLAN, C. J., absent on account of sickness; took no part.

(Opinion published 61 N. W. 24.)

Petition for reargument denied December 14, 1894.

